JOHN B. MILLER, plaintiff in error, *v.* THE PEOPLE OF THE STATE OF ILLINOIS, defendants in error.

*Error to Cook.*

In an indictment for having in possession instruments used in counterfeiting coin, it is not necessary to charge the offence to have been committed feloniously.

An indictment alleged that the defendant had in his possession, knowingly, and without lawful excuse, certain instruments and tools used in counterfeiting the coin current in this State: *Held*, that the allegations were sufficiently descriptive of the offence, and in conformity to the definition of the crime in the Criminal Code.

AT the March term, 1838, of the Cook Circuit Court, the Hon. John Pearson presiding, Miller was tried and convicted, upon the following indictment :

" State of Illinois, Cook County, ss.

" The grand jurors chosen, selected, and sworn, in and for the county of Cook, in the name and by the authority of the people of the State of Illinois, upon their oaths present, that John B. Miller, late of said county, on the first day of December, in the year of our Lord one thousand eight hundred and thirty-seven, in the county aforesaid, one press for coinage, made of iron, otherwise called a ' bogus press '; one edging tool, made of iron and steel, adapted and intended for the working of coin round the edges, with grainings, apparently resembling those on the edges of coin then and now current in the State aforesaid, to wit, Mexican dollars ; one die, made of steel, in and upon which then and there were made and impressed the figure, resemblance, and similitude of one of the sides, to wit, the eagle side of the coin then and now current within the State aforesaid, to wit, a Mexican dollar ; one other die, made of steel, in and upon which then and there were made and impressed the figure, resemblance, and similitude, to wit, the reverse of the eagle side of the coin then and now current within the State of Illinois, called a Mexican dollar ; two crucibles made of clay and sand, made use of in counterfeiting the coin then and now current within the State aforesaid, to wit, Mexican dollars, without lawful excuse ; — then and there knowingly

Miller *v*. The People.

had in his possession, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the same people of the State of Illinois.

" And the same grand jurors, chosen, selected, and sworn, in and for the county aforesaid, in the name and by the authority aforesaid, upon their oaths aforesaid, do further present, that John B. Miller, late of said county, on the first day of December, in the year of our Lord one thousand eight hundred and thirty-seven, in the county aforesaid, one press for coinage, made of iron ; one edging tool, made of iron and steel, adapted and intended for the working of coin round the edges, with grainings, apparently resembling those on the edges of coin then and now current within the State aforesaid, to wit, Mexican dollars ; one die, made of steel, in and upon which then and there were made and impressed the figure, resemblance, and similitude of one of the sides, to wit, the eagle side of coin then and now current within the State aforesaid, to wit, Mexican dollars ; one other die, made of steel, in and upon which then and there were made and impressed the figure, resemblance, and similitude of one of the sides, to wit, the reverse of the eagle side of coin then and now current within the State of Illinois, called Mexican dollars ; two crucibles, made of sand and clay, made use of in counterfeiting the coin then and now current within the State aforesaid, called Mexican dollars, then and there knowingly and unlawfully had in his custody and possession, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the same people of the State of Illinois.

" A. HUNTINGTON, *State's Attorney*."

After the rendition of the verdict of the jury, the defendant moved in arrest of judgment, upon the following grounds :

" First. The indictment is not sufficient in law, for this, to wit, it does not charge the offence to have been committed feloniously.

" Secondly. It doth not appear, by or from the indictment, that any facts are properly charged, which are necessary to constitute the crime for which the defendant was indicted, under § 78 of the Criminal Code. (1)

" Thirdly. For that, in the first count of said indictment, the offence is not defined in the language of the Criminal Code of the State of Illinois, nor in the language of the common law definition of the said offence, attempted to be defined and charged in said indictment.

" Fourthly. For that, in the second count of said indictment, the offence intended to be charged is not sufficiently set out, nor charged, nor defined, either in the language of the Criminal Code, or in the language of the common law.

(1) R. L. 187 ; Gale's Stat. 212.

" Fifthly. It doth not appear, in or by the second count of said indictment, in what county the offence charged was committed ; nor upon whose or what authority the said bill of indictment was found ; as each count should so charge or specify an offence, with respect to its definition, time, and place of commission, as would make it perfect of itself, without respect to any preceding count or counts.

" Sixthly. For that the said indictment is uncertain, imperfect, and insufficient in other respects.

" Seventhly. For that the said indictment doth not charge, with sufficient precision or certainty, any offence, as defined by either the statute of this State, or by the common law."

The motion was overruled by the Court, and the defendant sentenced to two and a half years' imprisonment in the penitentiary. The case is brought to this Court, by writ of error.

The following causes are assigned for error : First, That the Court erred in overruling the motion in arrest of judgment : Secondly, That the Court erred in giving judgment for the People ; Thirdly, That the indictment is defective, in not charging a felonious intent.

J. M. STRODE, J. GRANT, and J. Y. SCAMMON, for the plaintiff in error.

G. W. OLNEY, Attorney General, for the defendants in error.

BROWNE, Justice, delivered the opinion of the Court :

An indictment was found in the Circuit Court of Cook county, against John B. Miller, " for having in his possession dies made use of in counterfeiting the coin now current," &c. The defendant appeared and pleaded not guilty. Jury ; and verdict of guilty. To reverse the verdict and judgment, this writ of error is brought. The following causes are assigned for error : The offence is not set out in the language of the statute, or of the common law ; The indictment does not charge the offence to have been committed " feloniously " ; The Court overruled the motion in arrest of judgment. The indictment is in the usual form. The charge in the indictment is, that the said John B. Miller, knowingly, and without lawful excuse, had in his possession dies, made use of in counterfeiting the coin then and now current in the State. " Every indictment or accusation of the grand jury, shall be deemed sufficiently technical and correct, which states the offence in the terms and language of this code, or so plainly, that the nature of the offence may be easily understood by the jury." (1) This offence was created by the statute, and the charge in the indictment is in the language of it. The offence is charged in apt technical terms, and with as much precision and certainty as the statute, under which the indictment is found, requires. The offence is defined

(1) R. L. 207 § 152; Gale's Stat. 228.

in such language as will enable the defendant to plead a previous conviction or acquittal, if he should be again arraigned for the same offence. The judgment of the Circuit Court of Cook county is affirmed.

*Judgment affirmed.*